UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

William H. Oliver, Jr., Esq.
OLIVER & LEGG, LLC
2240 Highway 33, Suite 112
Neptune, New Jersey 07753
732-988-1500
Attorney for Debtor(s)
WO-7129
courtdocs@oliverandlegg.com

**Order Filed on July 29, 2021**
**by Clerk**
**U.S. Bankruptcy Court**
**District of New Jersey**

In Re:

KEVIN O'CONNOR

| | |
|---|---|
| Case No.: | 19-31145 |
| Hearing Date: | 07/21/2021 @ 9am |
| Chapter: | 13 |
| Judge: | CMG |

## ORDER AUTHORIZING
## SALE OF REAL PROPERTY

| | | | | |
|---|---|---|---|---|
| Recommended Local Form: | ☒ | Followed | ☐ | Modified |

The relief set forth on the following pages numbered two (2) and three (3) is
**ORDERED**.

**DATED: July 29, 2021**

Honorable Christine M. Gravelle
United States Bankruptcy Judge

After review of the Debtor's motion for authorization to sell the real property commonly known as _____115 Hawthorne Street, Neptune Township, NJ 07753_____, New Jersey (the Real Property).

**IT IS** hereby **ORDERED** as follows:

1.  The Debtor is authorized to sell the Real Property on the terms and conditions of the contract of sale pursuant to 11 U.S.C. §§ 363(b) and 1303.

2.  The proceeds of sale must be used to satisfy the liens on the real property unless the liens are otherwise avoided by court order. Until such satisfaction the real property is not free and clear of liens.

3.  ☒    In accordance with D.N.J. LBR 6004-5, the *Notice of Proposed Private Sale* included a request to pay the real estate broker and/or debtor's real estate attorney at closing. Therefore the following professional(s) may be paid at closing.

| | |
|---|---|
| Name of professional: | ExP Realty / Pittenger Realty / Oliver & Legg, LLC |
| Amount to be paid: | 2% of sale price/ 2% of sale price / $3,000.00 |
| Services rendered: | Real Estate Broker / Real Estate Broker / Attorney for Seller |

**OR**:  ☐  Sufficient funds may be held in escrow by the Debtor's attorney to pay real estate broker's commissions and attorney's fees for the Debtor's attorneys on further order of this court.

4.  Other closing fees payable by the Debtor may be satisfied from the proceeds of sale and adjustments to the price as provided for in the contract of sale may be made at closing.

2

5.  The amount of $___24,148.87___ claimed as exempt may be paid to the Debtor.

6.  The ☒ *balance of proceeds* or the ☐ *balance due on the debtor's Chapter 13 Plan* must be paid to the Chapter 13 Trustee in the Debtor's case.

7.  A copy of the HUD settlement statement must be forwarded to the Chapter 13 Trustee 7 days after closing.

8. ☐ The debtor must file a modified Chapter 13 Plan not later than 21 days after the date of this order.

9. Other provisions:

10.  The Stay as authorized by Rule 6004(h) is waived and the sale may proceed without the expiration of the 14 day period per the Rule.

11. The first mortgage lien of Freedom Mortgage Corporation shall receive a full payoff to satisfy its claim, pursuant to a current payoff figure to be issued by the lender. The sale shall close and proceeds distributed to Freedom within ninety (90) days of entry of any order granting the instant Motion to Sell.

*rev.8/1/15*

3